IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CATERANA HARLAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | St. Louis County Circuit Court |
| | ) | Case No. 21SL-CC00876 |
| FAMILY DOLLAR, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| and, | ) | |
| | ) | |
| SHOE WAREHOUSE ST. LOUIS, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant Family Dollar Stores of Missouri, LLC, successor of Family Dollar Stores of Missouri, Inc. and incorrectly named herein as Family Dollar, Inc. ("Defendant"), pursuant to 28 U.S.C. §1441(b) and 28 U.S.C. §1446, hereby files this Notice of Removal of the above-entitled action to the United States District Court for the Eastern District of Missouri, and in support thereof, states as follows:

**A.      Venue is proper in the U.S. District Court for the Eastern District of Missouri**

1. The above-entitled action was filed by Plaintiff in St. Louis County, Missouri as Case No. 21SL-CC00876 on February 25, 2021.

2. Pursuant to 28 U.S.C. §1446(a), venue lies in the United States District Court for the Eastern District of Missouri, Eastern Division, because St. Louis County, Missouri is within the Eastern District of Missouri.

### B. The Procedural Requirements for Removal are Satisfied

3. Defendant Family Dollar, Inc. was served with the Summons and Complaint on or about March 16, 2021. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b)(1).

4. Written notice of the filing of this Notice of Removal is being given to Plaintiff and a copy of this Notice of Removal is being filed with the St. Louis County Clerk of Court pursuant to 28 U.S.C. §1446(d).

5. Copies of all known process and pleadings served upon Defendant are filed contemporaneously with this Notice of Removal in accordance with 28 U.S.C. §1446(a). See Exhibit 1, Plaintiff's Petition.

### C. There is Diversity Among The Parties

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and removal to this Court is proper pursuant to 28 U.S.C. §1441(b)(2) because none of the Defendants are a citizen of this State, and there is complete diversity of citizenship between all parties.

7. Plaintiff is an individual domiciled in Missouri and Plaintiff is a citizen of the State of Missouri.

8. Defendant Family Dollar, Inc. is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in the State of Virginia. Defendant Family Dollar, Inc. is a citizen of the State of Virginia and North Carolina. Defendant Family Dollar Stores of Missouri, LLC is a limited liability company organized and existing under the laws of the State of Virginia, with its principal place of business in the State of Virginia; Family Dollar Stores of Missouri, LLC 's sole member is Family Dollar Stores, Inc., a corporation organized and existing under the laws of the State of Delaware, with its principal place of business

in the State of Virginia. Defendant Family Dollar Stores of Missouri, LLC is, therefore, a citizen of the State of Virginia and Delaware.

9. Defendant Shoe Warehouse St. Louis, LLC is a Florida Limited Liability Company and its sole member, Vicken Baklayan, is domiciled and a citizen of Florida. Defendant Shoe Warehouse St. Louis, LLC. is a citizen of the State of Florida.

**D.     Non-Served Parties Need Not Consent**

10. Defendant has no knowledge or notice that Shoe Warehouse St. Louis, LLC. has been served with process in this case at the time of this Notice of Removal. *See* Exhibit 2, St. Louis County Online Docket Sheet.

11. 28 U.S.C. §1146(b)(2)(A) provides: " When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." (emphasis added).

12. Because Defendant has no knowledge or information that any other defendant has been served with process in this case, the unserved defendant need not consent to this removal at this time.

**E.     The Amount in Controversy Exceeds $75,000**

13. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. §1332(a), in that Plaintiff in her Complaint alleges: she has "sustained serious injuries to her body"; "will in the future sustain, damages for medical bills and costs relating to medical treatment for her injuries"; and, has "suffered pain and suffering in the past and will do so in the future." See Exhibit 1, Plaintiff's Petition.  In addition, Plaintiff's Petition requests judgment for a sum in excess of $25,000 along with the costs of the suit. *Id*.

3

14. Under Missouri Supreme Court Rule 55.05, a plaintiff alleging a tort claim is not permitted to plead a specific dollar amount, except to determine jurisdiction. *Carlyon v. Counts*, 4:16 CV 776 CDP, 2016 WL 3753704, at *1 (E.D. Mo. July 14, 2016).

15. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, *except that* – (A) the notice of removal may assert the amount in controversy if the initial pleading seeks – (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. §1446(c)(2)(A)(ii).

16. The removing party "need not 'confess liability in order to show that the controversy exceeds the threshold.' " *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) (*quoting Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005)).

> "[T]he removing party's burden is to show not only what the stakes of the litigation *could be,* but also what they *are* given the plaintiff's actual demands.... The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks."

*Id.* (quoting *Brill,* 427 F.3d at 449).

17. Given Plaintiff's allegations detailed above, Defendant makes a good faith estimate of the amount in controversy exceeds $75,000, exclusive of interest and costs, and it is not legally certain that the amount in controversy is less than $75,000.

**WHEREFORE**, Defendant Family Dollar Stores of Missouri, LLC, successor of Family Dollar Stores of Missouri, Inc. and incorrectly named herein as Family Dollar, Inc. ("Defendant"), prays that this Honorable Court enter an Order causing said Cause No. 21SL-CC00876 of St. Louis

County, Missouri Circuit Court to be removed to this Court for further proceedings, and that this Court take jurisdiction herein, and make further orders as may be just and proper.

       */s/ Patrick E. Foppe*
Patrick E. Foppe        #57124
Evan M. Porter        #63168
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO  63101
(314) 621-2939 (Telephone)
(314) 621-6844 (FAX)
pfoppe@lashlybaer.com
eporter@lashlybaer.com

*Attorneys for Defendant Family Dollar Stores of Missouri, LLC, successor of Family Dollar Stores of Missouri, Inc. and incorrectly named herein as Family Dollar, Inc.*

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing was filed electronically with the Clerk of Court on April 9, 2021, to be served by operation of the Court's electronic filing system upon: Jeremy A. Gogel, 745 Old Ballas Road, St. Louis, Missouri 63141, jeremy@gogellawfirm.com.

                                                   */s/ Patrick E. Foppe*